UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| STEPHANIE FOLSOM, on behalf of herself and others similarly situated, | **Civil Action No.:** |
| Plaintiff, | **COMPLAINT--CLASS ACTION** |
| v. | |
| RESURGENT CAPITAL SERVICES L.P., | **DEMAND FOR A JURY TRIAL** |
| Defendant. | |

**Nature of the Action**

1. Stephanie Folsom ("Plaintiff") brings this class action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, for the benefit of Florida consumers whose private, consumer debt-related information Resurgent Capital Services L.P. ("Defendant") disclosed to an unauthorized third party, in connection with the collection of the consumers' debts.

2. By way of background, Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number

of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.*, § 1692(a).

3. As the Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—once explained, "[h]armful debt collection practices remain a significant concern today. In fact, the CFPB receives more consumer complaints about debt collection practices than about any other issue."[1]

4. Pertinent here, section 1692c(b) of the FDCPA, titled "Communication with third parties," provides that—

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b).

5. The provision that section 1692c(b) cross-references—section 1692b—governs the manner in which a debt collector may communicate "with any

---

[1] *See* Brief for the CFPB as Amicus Curiae, ECF No. 14, p. 10, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014), http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf (last visited April 30, 2021).

person other than the consumer for the purpose of acquiring location information." 15 U.S.C. § 1692b.

6. The FDCPA thus broadly prohibits a debt collector from communicating with anyone other than the consumer "in connection with the collection of any debt," subject to several carefully crafted exceptions—some enumerated in section 1692c(b), and others in section 1692b—none of which applies here.

7. Despite this prohibition—one designed to protect consumers' privacy—debt collectors, including Defendant, often send information regarding consumers' alleged debts to third-party mail vendors.

8. Indeed, "over 85 percent of debt collectors surveyed by the [CFPB] reported using letter vendors."[2]

9. Third-party mail vendors use information provided by debt collectors—such as the consumer's name and address, the name of the creditor to whom the debt allegedly is owed, the name of the original creditor, and the amount of the alleged debt—to fashion, print, and mail debt collection letters to consumers.

10. This unnecessary and illegal practice exposes private information regarding alleged debts to third parties not exempted by the FDCPA.

---

[2] *See* https://www.federalregister.gov/documents/2019/05/21/2019-09665/debt-collection-practices-regulation-f#citation-749-p23396 at n. 749 (last visited April 30, 2021).

11. Upon information and belief, Defendant routinely communicates with and provides, in connection with the collection of a debt, protected information regarding consumer debts to third-party mail vendors that are not authorized to receive such information, in violation of the FDCPA.

12. Plaintiff seeks relief on behalf of all similarly situated Florida consumers who received debt collection letters from Defendant, but which were prepared, printed, or mailed by a third-party mail vendor.

**Parties**

13. Plaintiff is a natural person who at all relevant times resided in Marion County, Florida.

14. Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

15. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal credit card (the "Debt").

16. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

17. Defendant is a corporation with its principal offices in Greenville, South Carolina.

18. Defendant touts itself as an "expert" in the field of debt collection, "helping thousands of consumers each month resolve their obligations" by "mak[ing] a potentially uncomfortable, discouraging process like debt collection as easy and encouraging as possible."[3]

19. On its website, Defendant identifies itself as a debt collector and boasts of membership in The Association of Credit and Collection Professionals (also known as ACA International).[4]

20. Defendant is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

21. Upon information and belief, at the time Defendant attempted to collect the Debt from Plaintiff, the Debt was in default, or Defendant treated the Debt as if it were in default from the time that Defendant acquired it for collection.

22. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

---

[3]   https://www.resurgent.com (last visited April 30, 2021).

[4]   *Id.*

23. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

24. Defendant identified itself as a debt collector to Plaintiff in its correspondence to her.

## Jurisdiction and Venue

25. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

26. Venue is proper before this Court under 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claims occurred in this district and because Defendant caused debt collection letters to be mailed to Plaintiff in this district.

## Factual Allegations

27. On or about September 10, 2020, Defendant caused two written communications to be sent to Plaintiff in connection with the collection of the Debt.

28. Redacted copies of these September 10, 2020 communications to Plaintiff are attached as composite Exhibit A.

29. The September 10 letters each disclosed the balance of the Debt. Ex. A.

30. The September 10 letters each identified the creditor to whom Defendant alleged the Debt was owed, as well as the original creditor for the Debt. *Id*.

31. The September 10 letters each contained Plaintiff's name and home address and identified additional information regarding the Debt, including the last four digits of the account number. *Id*.

32. The September 10 letters each identified Defendant as a debt collector: "This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector." *Id*.

33. Defendant did not print either of the September 10 letters.

34. Rather, Defendant, in connection with the collection of the Debt, provided information regarding Plaintiff and the Debt—including Plaintiff's name and address, the amount of the Debt, the names of the current and original creditors, and other private details regarding the Debt—to a third-party mail vendor.

35. The third-party mail vendor then printed the September 10 communications that were sent to Plaintiff.

36. The third-party mail vendor mailed the September 10 communications that were sent to Plaintiff.

37. A return address at the top left corner of each letter does not match Defendant's address in Greenville, South Carolina.

38. That return address on each September 10 communication includes a P.O. Box in Livonia, Michigan that is associated with RevSpring, Inc., a third-party mail vendor.

39. Defendant does not have an office in Livonia, Michigan.

40. RevSpring, on the other hand, maintains its corporate headquarters in Livonia, Michigan and offers comprehensive print and mail services.[5]

41. RevSpring touts that "North America's leading healthcare organizations, revenue cycle management, and accounts receivables management companies trust us to maximize their financial results through dynamic and personalized print, online, phone, email, and text communications and self-service payment options."[6]

42. RevSpring also advertises partnerships with "industry-leading associations," including ACA International.[7]

43. Notably, RevSpring markets itself as having "[s]tate-of-the-art address processing and return mail services . . . ."[8]

---

[5] https://revspringinc.com/about/ (last visited April 30, 2021).

[6] *Id.*

[7] *Id.*

44. "RevSpring processes more than one billion communications annually."[9]

45. Defendant provided information regarding Plaintiff and the Debt, including Plaintiff's name, address, the amount of the Debt, and the creditor for the Debt, to RevSpring.

46. Plaintiff did not consent to Defendant communicating with RevSpring in connection with the collection of the Debt.

47. Plaintiff did not consent to Defendant communicating with any third-party vendor in connection with the collection of the Debt.

### Class Action Allegations

48. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of:

> All persons (a) with a Florida address (b) to which Resurgent Capital Services L.P. sent, or caused to be sent, a written debt collection communication, (c) in connection with the collection of a consumer debt, (d) in the one year preceding the date of this complaint through the date of class certification, (e) that was prepared or mailed by a third-party vendor.

49. Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs,

---

[8] https://revspringinc.com/healthcare/products/print-mail/production/ (last visited April 30, 2021).

[9] *Id.*

successors, or assigns, and any entity in which Defendant has or had controlling interests.

50. The class satisfies Rule 23(a)(1) because, upon information and belief, it is so numerous that joinder of all members is impracticable.

51. The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

52. The class is ascertainable because it is defined by reference to objective criteria.

53. In addition, upon information and belief, the names and addresses of all members of the proposed class can be identified through business records maintained by Defendant.

54. The class satisfies Rules 23(a)(2) and (3) because Plaintiff's claims are typical of the claims of the members of the class.

55. To be sure, Plaintiff's claims and those of the members of the class originate from the same practice utilized by Defendant—communicating in connection with the collection of consumer debts, including the sending of personal, private information regarding those debts, with a third-party mail vendor—and Plaintiff thus possesses the same interests and has suffered the same injuries as each member of the class.

56. Plaintiff satisfies Rule 23(a)(4) because she will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

57. Plaintiff has no interests that are contrary to or in conflict with the members of the class that she seeks to represent.

58. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since, upon information and belief, joinder of all members is impracticable.

59. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation could make it impracticable for the members of the class to individually redress the wrongs done to them.

60. There will be no unusual difficulty in the management of this action as a class action.

61. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

62. Among the issues of law and fact common to the class:

   a. Defendant's violations of the FDCPA as alleged herein;

   b. whether Defendant is a debt collector as defined by the FDCPA;

  c. whether Defendant's communications with third-party mail vendors regarding consumers' alleged debts violate the FDCPA;

  d. the availability of declaratory relief;

  e. the availability of actual damages and statutory penalties; and

  f. the availability of attorneys' fees and costs.

63. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

### Count I: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(b)

64. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 63 above.

65. Pertinent here, the FDCPA at 15 U.S.C. § 1692c(b) provides that "a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

66. By communicating with a third-party mail vendor in connection with the collection of the Debt, including by disclosing, among other things, the existence of the Debt, the amount allegedly owed, and the alleged original and current creditors, Defendant violated 15 U.S.C. § 1692c(b). *See Hunstein v.*

*Preferred Collection & Mgmt. Servs., Inc.*, --- F.3d ----, 2021 WL 1556069 (11th Cir. Apr. 21, 2021).

67. The harm suffered by Plaintiff is particularized in that the illegal communication from Defendant to an authorized third party related to her personal alleged debt.

68. And the violation of Plaintiff's right not to have her private information shared with third parties in connection with the collection of a debt is a concrete injury sufficient to confer standing.

69. To be sure, the harm Plaintiff alleges here—disclosure of private information of a personal, sensitive nature to third-party vendors—is precisely the type of abusive debt collection practice that the FDCPA was designed to prevent. *See* 15 U.S.C. § 1692(a) ("Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, *and to invasions of individual privacy.*") (emphasis added).

70. Additionally, by communicating with a third party in connection with the collection of the Debt, Defendant harmed Plaintiff by invading her privacy.

71. That is, by communicating with a third party in connection with the collection of the Debt, Defendant harmed Plaintiff by disclosing private facts about her debt.

**WHEREFORE**, Plaintiff respectfully requests relief and judgment as follows:

A. Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

B. Adjudging and declaring that Defendant violated 15 U.S.C. § 1692c(b);

C. Awarding Plaintiff and members of the class statutory damages pursuant to 15 U.S.C. § 1692k;

D. Awarding members of the class actual damages incurred, as applicable, pursuant to 15 U.S.C. § 1692k;

E. Enjoining Defendant from future violations of 15 U.S.C. § 1692c(b) with respect to Plaintiff and the class;

F. Awarding Plaintiff and members of the class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

G. Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

H. Awarding other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff is entitled to, and hereby demands, a trial by jury.

Dated:  April 30, 2021        Respectfully submitted,

*/s/ Jesse S. Johnson*
James L. Davidson
Florida Bar No. 723371
Jesse S. Johnson
Florida Bar No. 69154
Greenwald Davidson Radbil PLLC
7601 N. Federal Hwy., Suite A-230
Boca Raton, FL 33487
Tel: (561) 826-5477
jdavidson@gdrlawfirm.com
jjohnson@gdrlawfirm.com

*Counsel for Plaintiff and the proposed class*